UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILFREDO MONTIEL FUENMAYOR,<br><br>Petitioner,<br><br>v.<br><br>BRINSON SWEARINGEN in his capacity as Official jailer of Clay County Detention Center,<br>*et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00557-JRO-MKK |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Wilfredo Montiel Fuenmayor's petition for a writ of habeas corpus seeks his release from the Clay County Jail, where he is detained on behalf of U.S. Immigration and Customs Enforcement ("ICE"). His petition is dismissed because it is an abuse of the writ.

**I. FACTS**

Petitioner is a Venezuelan citizen and national. In February 2023, he applied for admission to the United States at the Nogales Port of Entry. The government deemed Petitioner inadmissible and initiated a removal proceeding but also permitted him to enter the United States on parole. Dkt. 6-1 at 1.

Petitioner's parole expired on February 25, 2024. Dkt. 1-2. The government granted him temporary protected status ("TPS") from March 25, 2024, through April 2, 2025. Dkt. 1-3. That status was not renewed.

In March 2026, Indiana State Police detained Petitioner for a traffic stop and contacted ICE, which issued an administrative warrant "command[ing]"

Petitioner's arrest pursuant to 8 U.S.C. § 1226. Dkt. 6-1 at 12. Petitioner has been detained since then.

On April 29, 2026, an immigration judge ordered Petitioner removed from the United States and denied his applications for asylum and withholding and referral of removal. Dkt. 1-8.

Petitioner filed a habeas petition in this Court on April 16, arguing exclusively that his detention without consideration of release on bond violated the Fifth Amendment's due process clause. *Montiel Fuenmayor v. Olson*, No. 2:26-cv-00293-JRS-MJD. Chief Judge Sweeney denied the petition on June 4, finding that Petitioner failed to carry his burden of demonstrating a due process violation:

> Mr. Montiel Fuenmayor's bare-bones petition—written and filed by an attorney—relies on an incomplete factual recital and an undeveloped legal argument with no citation to authority. When the respondents answered the petition with a robust evidentiary record and responsive legal argument, Mr. Montiel Fuenmayor's counsel declined to reply and advocate for relief under the facts as they are documented. He has not carried his burden of demonstrating that his detention violates the Constitution and laws of the United States.

*Id.*, dkt. 14 at 3. Chief Judge Sweeney clarified, however, that the denial of the petition did not preclude a subsequent petition "should a material change in facts or passage of time raise the availability of a different legal basis for relief." *Id.* at 4.

## II. DISCUSSION

"*Res judicata* does not apply to habeas corpus. . . . Its place is taken by the concept of abuse of the writ." *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). The doctrine bars a successive Section 2241 petition "unless the law [has] changed or new facts [have] come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). It also "prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991). There is a "presumption against habeas adjudication . . . of claims defaulted in the first round of federal habeas." *Id.* Whether a habeas petition should be dismissed as an abuse of the writ is "addressed to the sound discretion of the federal trial judges." *Sanders v. United States*, 373 U.S. 1, 18 (1963).

Respondents ask the Court to dismiss this petition as an abuse of the writ. They argue that no material factual development or change in the law justifies a second petition.

In reply, Petitioner argues only that the abuse-of-the-writ doctrine does not apply here because his first petition was not decided on the merits. Dkt. 12 at 2. He is incorrect. "An adjudication on the merits is perhaps best understood by stating what it is not: it is not the resolution of a claim on procedural grounds." *Muth v. Frank*, 412 F.3d 808, 815 (7th Cir. 2005). "A disposition of a claim based on a lack of evidence is the very definition of an adjudication on the merits." *Gerace v. Andrews*, 227 F. Supp. 3d 946, 951 (N.D. Ill. 2016) (quoting *Black's Law Dictionary* (10th ed. 2014)).

The original petition was not dismissed for procedural reasons. Petitioner raised a legal argument. Respondents answered it with legal and factual justifications for his detention. Petitioner did not reply. Chief Judge Sweeney found that Petitioner failed to carry his burden of demonstrating legally or factually that his detention was unlawful. That is an adjudication on the merits.

Federal courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Once the respondent alleges an abuse of the writ, "the prisoner has the burden of answering that allegation and of proving that he has not abused the writ." *Price v. Johnston*, 334 U.S. 266, 292 (1948). "If the answer is inadequate, the court may dismiss the petition without further proceedings." *Id.* Here, Respondents carried their burden of alleging an abuse of the writ. And Petitioner's answer is inadequate. On the arguments and materials presented by the parties, this action is an abuse of the writ and must be dismissed.

## III. CONCLUSION

This case is **dismissed with prejudice** as an abuse of the writ. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 10/27/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Rania Attum
rania@attumlaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov